UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **EVEREST INDEMINITY INSURANCE COMPANY,** ) ) ) ) *Plaintiffs*, ) ) vs. ) ) ) **FAMINGTON COMMONS HOMEOWNERS ASSOCIATION, INC.,** ) ) ) ) ) *Defendant*. ) ) | CIVIL ACTION NO. SA18MC0057 FB |

**FARMINGTON COMMONS HOMEOWNERS ASSOCIATION, INC.'S MOTION TO DISMISS AND SUBJECT TO SUCH MOTION, RESPONSE TO EVEREST INDEMNITY INSURANCE COMPANY'S PETITION FOR APPOINTMENT OF AN <u>UMPIRE TO APPRAISAL PANEL</u>**

TO THE HONORABLE DISTRICT COURT JUDGE:

COMES NOW Farmington Commons Homeowners Association, Inc. ("Farmington") and files this *Motion to Dismiss and Subject to such Motion, Response to Everest Indemnity Insurance Company's Petition for Appointment of an Umpire to Appraisal Panel*, and in support thereof, respectfully shows the Court as follows:

I.

MOTION TO DISMISS

Farmington brings forth this Motion to Dismiss as a challenge to this Court's subject matter jurisdiction over the above-styled matter, pursuant to Federal Rule of Civil Procedure 12(b)(1). In short, Farmington asserts that Everest Indemnity Insurance

1

Company ("Everest") has failed to meet its burden of proving that this Court has subject matter jurisdiction over this matter.

Everest asserts that this Court has subject matter jurisdiction over its Petition for Appointment of an Umpire to Appraisal Panel (the "Petition") by virtue of diversity jurisdiction, in that there is complete diversity between the parties and the amount in controversy exceeds $75,000 in satisfaction of the requirements of 28 U.S.C. § 1332(a)(1). *See* Petition, ¶ 4. Such facts are not disputed by Farmington. However, 28 U.S.C. 1332(a)(1) states that "[t]he district courts shall have original jurisdiction of all **civil actions** where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. 1332(a)(1) (*emphasis added*). Farmington asserts that Everest has not brought forth a "civil action" as that term is used within the Federal Rules of Civil Procedure. Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. Proc., Rule 3. As Everest has not filed a "complaint," it has not initiated a "civil action" under Rule 3. *See* Fed. R. Civ. Proc., Rule 3. As there is no "civil action" under Rule 3, Everest has failed to prove its burden that there exists diversity jurisdiction under 28 U.S.C. 1332, as Everest asserts. *See* Petition, ¶ 4.

In conclusion, because there is no complaint on file for this matter, a civil action under Rule 3 of the Federal Rules of Civil Procedure has not been initiated, and as such, there does not exist diversity jurisdiction as set forth by 28 U.S.C 1332(a). For that reason, this Court should dismiss Everest's Petition as contemplated by Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**II.**

**RESPONSE TO EVEREST'S PETITION**

Subject to the Court's ruling on Farmington's above Motion to Dismiss, Farmington responds to Everest's request to appoint one of the potential umpires it lists in its Petition by requesting that the Court consider appointing any of Farmington's nominated potential neutral umpires to the appraisal panel made the subject of this matter. Farmington's requested candidates for a neutral umpire are as follows:

a. Blake Duncan – Previous owner of Allcat Claims and Duncan Claims, and current owner of Premiere Rebuilders;

b. Gary Boyd – Please see CV attached as Exhibit "A"; and

c. Bryan Scanlon.

Each of these individuals is competent and impartial, and would serve well as a neutral umpire in this matter. Each of these individuals has been appointed as an umpire in other appraisal panels, and has the subject matter expertise necessary to be an effective neutral umpire. None of the above-named individuals are employed by Farmington or have any pecuniary interest in the outcome of the appraisal. Accordingly, appointing one of the these individuals assures an absence of bias in favor of or against either party such that confidence can be imparted to the appraisal process.

WHEREFORE PREMISES CONSIDERED, Farmington requests that this Court grant its Motion to Dismiss, or in the alternative, appoint one of the qualified professional named above to act as the neutral umpire in the appraisal made subject of this matter.

Respectfully submitted,

**CAGLE CARPENTER HAZLEWOOD**

/s/ Adam Pugh
**ADAM PUGH**
State Bar No. 24044341
8400 N. Mopac, Suite 100
Austin, Texas 78759
Tel.: (512) 387-8290
Fax: (512) 386-6888

adam.pugh@cchlaw.com
**ATTORNEYS FOR FARMINTON COMMONS HOMEOWNERS ASSOCIATION**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was delivered by the method indicated in accordance with the Texas Rules of Civil Procedure on this the 23rd day of February, 2018, to the following:

| | |
|---|---|
| Andrew C. Nelson | Via Email |
| One Riverway, Suite 2200 | nelson@wrightlclose.com |
| Houston, Texas 77056 | |

/s/ Adam Pugh

**ADAM PUGH**